IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bradley Hetrick, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 C 4898 |
| First Financial Asset Management, Inc., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Bradley Hetrick, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Bradley Hetrick ("Hetrick"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, First Financial Asset Management, Inc., is a Delaware corporation ("FFAM") that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant FFAM operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including consumers in the State of Illinois. In fact, Defendant FFAM was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Hetrick.

5. Defendant FFAM is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, FFAM conducts business in Illinois.

6. Moreover, Defendant FFAM is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, FFAM acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Mr. Hetrick is a disabled veteran, with limited assets and income, who fell behind on paying his bills. When Defendant FFAM began collection actions on one of those delinquent debts, Mr. Hetrick sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant FFAM's collection actions.

8. Accordingly, on June 29, 2010, one of Mr. Hetrick's attorneys at LASPD informed Defendant FFAM, in writing, that Mr. Hetrick was represented by counsel, and directed FFAM to cease contacting him, and to cease all further collection activities

because Mr. Hetrick was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant FFAM called Mr. Hetrick, from phone number 800-748-4819, to demand payment of the debt at issue, including, but not limited to, a telephone call on July 29, 2010.

10. Accordingly, on July 30, 2010, Mr. Hetrick's LASPD attorney had to send Defendant FFAM another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Undeterred, Defendant FFAM kept calling Mr. Hetrick, this time from phone number 866-714-8071, to demand payment of the debt at issue, including, but not limited to, telephone call on August 2, 2010.

12. Defendant FFAM's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant FFAM's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letters from Mr. Hetrick's agent, LASPD, told Defendant FFAM to cease communications and cease collections (Exhibits C and D). By continuing to communicate regarding this debt and demanding payment, Defendant FFAM violated § 1692c(c) of the FDCPA.

17. Defendant FFAM's violations of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant FFAM knew that Mr. Hetrick was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibits C and D), that he was represented by counsel, and had directed Defendant FFAM to cease directly communicating with Mr. Hetrick. By directly calling Mr. Hetrick, despite being advised that he was represented by counsel, Defendant FFAM violated § 1692c(a)(2) of the FDCPA.

21. Defendant FFAM's violations of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

4

5

Plaintiff, Bradley Hetrick, prays that this Court:

1. Find that Defendant FFAM's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Hetrick, and against Defendant FFAM, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Bradley Hetrick, demands trial by jury.

Bradley Hetrick,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: August 4, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com